In the Matter of the Application of EDWARD J. QUINN, Appellant, for the Removal of THOMAS McCOCHRANE, Respondent, from Certain Premises.

Third Department, March 8, 1922.

**Landlord and tenant — leases — guarantor of payment of rent who takes assignment of lease as security not entitled to take possession of premises by force.**

One who guarantees the payment of the rent provided for in a lease and takes, as security for the liability thus assumed, an assignment of the lease is not

**17**

justified in ousting the lessee from the premises by force and taking possession thereof himself, as the lessee so long as he performs his part of the conditions of the lease is entitled to possession of the premises.

APPEAL by the petitioner, Edward J. Quinn, from a final order of the County Court of Rensselaer county, entered in the office of the clerk of said county on the 16th day of November, 1920, dismissing the petition in summary proceedings to disposses.

*James Farrell*, for the appellant.

*John P. Judge*, for the respondent.

VAN KIRK, J.:

This proceeding was begun for the removal of Thomas McCochrane from the premises in the city of Troy known as 2829 Sixth avenue, because of alleged forcible entry therein and detainer thereof by McCochrane. By a writing dated August 30, 1920, the owner of the premises leased them to the petitioner for a term of three years beginning September 1, 1920. Thomas McCochrane, by a writing attached to the lease, became surety or guarantor for the payment of the rent. Indorsed upon the lease is the following:

" For value received and as collateral security for the liability assumed by the said Thomas McCochrane under the above lease and guaranty, I hereby sell, assign, transfer and set over to the said Thomas McCochrane all my right, title and interest in said lease, as tenant of the premises therein described.

" EDWARD J. QUINN."

These premises had been leased for use in a general automobile business. Quinn entered into possession of the premises on September first and was in occupation and possession of the premises on September twenty-fifth, when McCochrane, with two police officers and two other men, came and ousted Quinn therefrom. They took from him the keys, changed the lock on the door and thereafter continued to hold possession of the premises and refused after demand to surrender them to Quinn. Thereupon these proceedings were brought. A petition, setting forth the facts necessary to a recovery (Civil Practice Act, § 1412) was presented to the court and a precept thereupon issued, dated October 18, 1920, directed to Thomas McCochrane and requiring him forthwith to remove from the said property or show cause why possession of said property should not be delivered to Edward J. Quinn, said petitioner. No written answer was filed and no verbal answer is indorsed upon the petition. The parties appeared and after trial the petition was dismissed, the court holding that the words used in the assignment as above quoted were

ambiguous. " For this reason I feel at liberty to rely upon the testimony taken in order to guide me as to the correct understanding of the parties and the real intent of the assignment."

We are unable to agree with this conclusion. The meaning of the language used in the assignment is clear and capable of but one construction. It is nothing more than an assignment as collateral security to Thomas McCochrane for any liability he assumed in guaranteeing the payment of the rent and the performance of the covenants of the lease. Mr. Quinn is the lessee of the premises and was entitled to the possession thereof. If Mr. McCochrane had a remedy under the facts as he claims them to be, it was not by force, or intimidation and without application to the court, to remove Quinn from the premises and withhold them from him. While the lease remains in its present form the lessee Quinn, so long as he performs the conditions of the lease on his part to be performed, is entitled to the possession of the premises.

Inasmuch as the rights of the parties must be determined upon a written instrument, in which there is no ambiguity, and under this the lessee Quinn is entitled to the possession of the premises, the petitioner is entitled to a final order awarding to him the delivery of the possession of the property. (Civil Practice Act, §§ 1412, 1425, 1426, 1430.)

The final order appealed from is, therefore, reversed and possession of the premises awarded to the appellant, with costs to the appellant.

All concur.

Final order reversed and possession of the premises awarded to the appellant, with costs to the appellant.